**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PARISH OF PLAQUEMINES** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-5258** |
| **BEPCO, L.P., et al.** | **SECTION: "G" (5)** |

## ORDER

Currently pending before the Court is a "Motion to Stay Pending MDL Determination" filed by Defendants BEPCO, L.P. and BOPCO, L.P. (collectively, "Moving Defendants").[1] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will exercise its discretion to stay this matter pending decision by the Judicial Panel on Multidistrict Litigation (the "MDL Panel").

## I. Background

This case is one of several filed by Plaquemines Parish against various defendants for alleged violations of permits issued pursuant to the State and Local Coastal Resources Management Act of 1978 ("SLCRMA").[2] The Parishes of Jefferson, Cameron, Vermillion, and St. Bernard filed similar lawsuits (collectively, "Parish Oil and Gas Cases").[3] Plaintiff Plaquemines Parish filed a petition in the 25th Judicial District Court for the Parish of Plaquemines on November 8, 2013, wherein it seeks damages and other relief for violations of SLCRMA and the state and local regulations, guidelines, ordinances, and orders promulgated thereunder

---

[1] Rec. Doc. 7.

[2] Case No. 13-6704, Rec. Doc. 1.

[3] *Id.*

1

(collectively, the "CZM Laws").[4] The Parish disavowed any other type of claim, cause of action, or legal theory potentially cognizable on the facts alleged, including any that could form the basis for jurisdiction in a federal court.[5] On December 18, 2013, Defendants removed the case to this Court, alleging the following bases for original jurisdiction in federal court: (1) diversity jurisdiction; (2) Outer Continental Shelf Lands Act ("OCSLA"); and (3) general maritime law.[6] Plaintiff filed a motion to remand.[7] On July 7, 2015, this Court granted Plaintiff's motion to remand and remanded the case to state court.[8]

On May 23, 2018, Defendants BEPCO, L.P. and BOPCO, L.P. (collectively, "Removing Defendants") removed the case for a second time to this Court pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.[9] Removing Defendants argue that federal jurisdiction is now clear because of Plaintiffs' recently filed expert report, which Removing Defendants purport reveals for the first time that Plaintiffs' claims relate to activities undertaken before the SLCRMA was effective and when Defendants were instead subject to extensive and exclusive federal direction, control, and regulation.[10] Removing Defendants assert that Plaintiffs' "claims (1) implicate wartime and national emergency activities undertaken at the direction of federal officers, and (2) necessarily require resolution of substantial, disputed questions of federal law."[11]

---

[4] Case No. 13-6704, Rec. Doc. 1-1.

[5] Case No. 13-6704, Rec. Doc. 74.

[6] Case No. 13-6704, Rec. Doc. 1.

[7] Case No. 13-6704, Rec. Doc. 17.

[8] Case No. 13-6704, Rec. Doc. 74.

[9] Rec. Doc. 1.

[10] *Id.* at 2.

[11] *Id.*

On May 29, 2018, Removing Defendants filed a "Motion for Coordinated Pretrial Proceedings Pursuant to 12 U.S.C. § 1407" with the MDL Panel, arguing that the Parish Oil and Gas Cases should be transferred to the Eastern District of Louisiana for coordinated pretrial proceedings.[12] In support of their motion, Removing Defendants argued that the cases contain the same cause of action, nearly identical allegations, and the same requested relief.[13] Pursuant to MDL Panel rules, the parties will be given a full opportunity to brief the question of transfer, and the MDL Panel will consider the matter at its bimonthly hearing session.[14]

On May 31, 2018, Moving Defendants filed a "Motion to Stay Pending MDL Determination" in this Court, asserting that this matter should be stayed pending decision of the MDL Panel on whether to consolidate the Parish Oil and Gas Cases.[15] On June 5, 2018, Plaintiffs Plaquemines Parish and the Louisiana Department of Natural Resources ("Responding Plaintiffs") filed an opposition to the motion to stay.[16] On June 7, 2018, Removing Defendants filed a reply brief in further support of the motion to stay.[17]

---

[12] Rec. Doc. 5.

[13] *Id.* at 3.

[14] Rule 7.1(c) of Procedure of the United States Judicial Panel on Multidistrict Litigation.

[15] Rec. Doc. 11.

[16] Rec. Doc. 15.

[17] Rec. Doc. 21.

## II. Parties' Arguments

### A. Moving Defendants' Arguments in Support

In support of the motion, Moving Defendants argue that the Court should stay this case until after the MDL Panel rules on the pending motion to coordinate pretrial proceedings in this case and the other Parish Oil and Gas Cases.[18] Moving Defendants assert that it would be inefficient for the parties to engage in additional pretrial work before the MDL Panel makes it decision as, according to Moving Defendants, multiple judges should not have to duplicate their efforts and risk making inconsistent rulings when these cases may be transferred to a single judge.[19] Moving Defendants also contend that Plaintiffs will not be prejudiced or suffer hardship from this stay as Moving Defendants argue that whatever delay Plaintiffs may experience will be "slight."[20] Further, Moving Defendants claim that if the case is not stayed, the waste of judicial resources would be substantial as courts would need to familiarize themselves with a complex case that may ultimately be heard by another judge.[21]

### B. Responding Plaintiffs' Arguments In Opposition[22]

In opposition, Responding Plaintiffs assert that the Court should deny the Moving Defendants' motion to stay.[23] While Responding Plaintiffs admit that courts in "typical cases"

---

[18] Rec. Doc. 7-1 at 1.

[19] *Id.* at 2.

[20] *Id.* at 4.

[21] *Id.* (citing *Louisiana Stadium*, 2009 WL 926982, at *1).

[22] Plaintiff-Intervenor State of Louisiana filed an opposition to the motion to stay, adopting Responding Plaintiffs' opposition. Rec. Doc. 9. The State of Louisiana asserts that it made an appearance in this action solely for the purpose of opposing Moving Defendant's motion to stay, and that it does not consent to this Court's jurisdiction nor waive its sovereign immunity. *Id.*

[23] Rec. Doc. 13 at 1.

routinely grant motions to stay pending MDL determinations, Responding Plaintiffs argue that this case is not typical.[24] Responding Plaintiffs note that there is no pending MDL, only a request to create one; assert that the parties are "deeply into the discovery process" for some of the cases and with 2019 trial dates set for some of the Plaquemines Parish cases; and contend that the initial removals were deemed to be without merit.[25] Last, Responding Plaintiffs contend that the facts with respect to the merits of removal vary from case to case, so according to Plaintiffs, there would be no gain in judicial efficiency by staying this action.[26]

Responding Plaintiffs also assert that the removal of these cases by Removing Defendants is a delaying tactic.[27] Responding Plaintiffs argue that Removing Defendants are stalling in hopes of delaying any substantive consideration of the issues until after the gubernatorial elections, in the hope that a new governor who does not support the Parishes in these lawsuits will be elected.[28]

## C. *Moving Defendants' Arguments in Further Support of the Motion To Stay*

In the reply, Moving Defendants reassert that the law supports the granting of a stay, arguing that any granted stay would "be brief, promote efficiency, avoid inconsistent rulings, and leave Plaintiffs unharmed."[29] Moving Defendants argue that Responding Plaintiffs have failed to show that Plaintiffs would suffer any prejudice if the motion to stay was granted and urges the Court not to consider the "hypothetical harm" of the effect of a future gubernatorial election.[30] Moving Defendants

---

[24] *Id.* at 3.

[25] *Id.* at 3–4.

[26] *Id.* at 4.

[27] *Id.* at 3–4.

[28] *Id.*

[29] Rec. Doc. 16 at 1.

[30] *Id.* at 2.

also claim that any stay would be brief, as the decision of the MDL Panel on coordination of pretrial proceedings would likely come before the question of remand was even fully briefed.[31] Moving Defendants also reassert their argument that the denial of the motion to stay would waste judicial resources and that the Court should not have to familiarize itself with the intricacies of this case when it could ultimately be decided by another judge.[32]

Last, Moving Defendants argue that the Court should ignore Responding Plaintiffs' arguments relating to the merits of the removal, contending that it has nothing to do with the motion to stay. However, Moving Defendants still contests Responding Plaintiffs arguments regarding the merits of removal and assert that removal is timely.[33]

## II. Law and Analysis

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[34] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[35] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[36] Furthermore, a district court may exercise this discretionary power *sua sponte*.[37]

---

[31] *Id.*

[32] *Id.* at 4.

[33] *Id.* at 4–6.

[34] 299 U.S. 248, 254 (1936).

[35] *Id.* at 254–55.

[36] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[37] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir.1999) ("we have held that the district court may *sua sponte* stay a suit as a form of abstention.")

Courts within this district have recognized the following factors to consider when deciding whether to stay an action pending an MDL determination: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.[38]

The Manual for Complex Litigation states that "it may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer."[39] Furthermore, the Manual notes that the Panel has often held "that the pendency of potentially dispositive motions is not an impediment to transfer of actions, because such motions can be addressed to the transferee judge for resolution after transfer."[40] "Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system."[41]

In the instant case, the Court finds that a temporary stay pending a decision by the MDL Panel on whether to consolidate the pretrial proceedings for the Parish Oil and Gas cases is appropriate. Plaintiffs will not be unduly prejudiced if proceedings are stayed pending a decision by the MDL Panel as to whether the cases should be consolidated for the purposes of pretrial proceedings. The only alleged harm raised by Responding Plaintiffs is the hypothetical effect of the upcoming gubernatorial election and how that election could affect whether the State supports

---

[38] *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (Engelhardt, J.); *see also Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498 (E.D. La. Oct. 19, 2011) (Feldman, J.); *Weathersby v. Lincoln Elec. Co.*, No. 03-398, 2003 WL 21088119, at *2 (E.D. La. May 9, 2003) (Livaudais, J.).

[39] Manual for Complex Litigation § 20.131, at 221 (4th ed. 2004).

[40] *Id.*

[41] *Scott v. Bayer Corp.*, No. 03–2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004 ) (Fallon, J.) (citing 28 U.S.C. § 1407).

Plaquemines Parish in this litigation. The Court is not persuaded by this argument and can give little weight to the potential effect of the hypothetical situation presented in the opposition. Further, if the MDL Panel denies Removing Defendants' motion for coordinated pretrial proceedings, any stay would be relatively brief. On the other hand, Defendants face the burden of litigating forty-one cases over two judicial districts. Furthermore, a stay is advisable for the additional reason that the interests of judicial economy will be served by a temporary stay, and the risk of inconsistent rulings in related cases (including on the issue of the appropriateness of remand) will be minimized. Therefore, the Court will exercise its discretion and stay proceedings pending the MDL Panel's determination as to whether the Panel will coordinate pretrial proceedings for all the Parish Oil and Gas Cases before a single judge.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is stayed and administratively closed pending the MDL Panel's determination regarding whether to coordinate pretrial proceedings for the Parish Oil and Gas Cases before a single judge.

**NEW ORLEANS, LOUISIANA**, this 11th day of June, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**